UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X

CRECENCIANO GARCIA, *individually*
*and on behalf of others similarly situated*                  CASE NO:


                                    *Plaintiff*,


vs.


444 SOUTH BROADWAY PIZZA INC.,
*a New York corporation*, and EFREN
LEZAMA SALAZAR, *an individual*,


                                    *Defendants.*
-----------------------------------------------------X


## COMPLAINT

Crecenciano Garcia ("Plaintiff"), individually and on behalf of others similarly situated, hereby sues Defendants, 444 South Broadway Pizza Inc. ("Corporate Defendant") and Efren Lezama Salazar (hereinafter "Individual Defendant") (Corporate Defendant and Individual Defendant are referred to collectively as "Defendants"), and alleges:

### NATURE OF THE ACTION

1.    Plaintiff brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages and unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law ("Labor Law"), and for violations of the Wage Theft Prevention Act, Labor Law §§ 195(1) and 195(3). Plaintiff seeks compensatory damages, statutory damages, and liquidated damages, including applicable interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

100312v3

2.      Plaintiff further seeks certification of this action as a collective action on behalf of Plaintiff individually, and on behalf of all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 and 28 U.S.C. § 1331. Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Plaintiff was employed by Defendants to perform the activities of a delivery driver in this District, and Defendants are in this District.

## PARTIES

5.      Plaintiff is over the age of 18 years, *sui juris*, and is a resident of this State.

6.      Corporate Defendant is a corporation organized and existing under the laws of the State of New York.

7.      Corporate Defendant is a New York corporation that owns and operates a restaurant known as Lezama's Pizzeria, which is located at 444 S. Broadway, Yonkers, New York 10705.

8.      On information and belief, Individual Defendant, Efren Lezama Salazar, is over the age of 18 years, *sui juris*, and owns (in whole or in part), and operates, and/or controls the Corporate Defendant, and/or has authority over rates of pay and schedules of employees within the Corporate Defendant business.

9.      Individual Defendant is sued herein individually in his capacity as, on information and belief, he is an owner, officer and/or agent of Corporate Defendant.

100312v3                                                        2

10.     Defendants are an enterprise as defined by the FLSA, 29 U.S.C. § 203 (r-s).

11.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

12.     Upon information and belief, the Corporate Defendant had, at all times material hereto, a gross annual volume of sales of not less than $500,000.00.

13.     Upon information and belief, Defendants and/or their enterprise were and are directly engaged in interstate commerce.

## FACTS

14.      At all relevant times, Plaintiff was and is a former employee of the Defendants within the meaning of the FLSA and the Labor Law.

15.     Plaintiff worked for the Defendants in or around the last week of April 2022, through April 3, 2023.

16.     Plaintiff was employed to perform activities as a delivery driver. His job included delivering meals to customers, cleaning, and any other task or job that he was assigned at any given time.

17.     Plaintiff regularly handled goods that had traveled through interstate commerce, including food and cleaning products.

18.     Plaintiff's work duties required neither discretion nor independent judgment.

19.     Plaintiff worked seven days per week: from Sunday through Thursday, 11:00 a.m. through 10:00 p.m., and Friday and Saturday, 11:00 a.m. through 11:00 p.m. Plaintiff always worked approximately 79 hours per week.

20.     Plaintiff was paid at the rate of $11.00 per hour for each hour worked, without any raises during the term of his employment.

100312v3                                                                3

21.     Throughout his employment with Defendants, Plaintiff was sometimes paid in cash with no pay stubs provided.

22.     Defendants failed to pay Plaintiff any overtime premium (time and a half) for hours worked over forty (40) in each workweek.

23.     Defendants failed to pay Plaintiff spread of hours pay for days on which his workday lasted ten (10) or more hours.

24.     Upon information and belief, Defendants' conduct extended beyond Plaintiff to all other similarly situated employees, including non-exempt employees working in other departments of the Corporate Defendant's business.

25.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and the Labor Law.

## FLSA COLLECTIVE ACTION CLAIMS

26.     Plaintiff brings his FLSA minimum wage, overtime, statutory damages and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them at any time during the three-year period prior to this Complaint being filed (the "FLSA Class Period").

27.     At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay.

28.    The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

29.    Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

30.    Defendants failed to pay Plaintiff and the FLSA Class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

31.    Defendants' failure to pay Plaintiff and the FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

32.    Plaintiff and the FLSA Class members were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the Labor Law)

33.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

34.    Defendants were the employer of Plaintiff and the FLSA Class members within the meaning of the Labor Law.

35.    Plaintiff and the FLSA Class members are and were non-exempt employees under the Labor Law.

36.    Pursuant to the acts and practices alleged herein, Defendants willfully failed to pay Plaintiff and the FLSA Class members overtime premium wages.

100312v3                                              5

37.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff and the FLSA Class members.  As such, Defendants' noncompliance with the Labor Law was willful.

38.     As a proximate result of Defendants' unlawful conduct, Plaintiff and the FLSA Class members have suffered economic damages in the form of unpaid overtime wages in an amount to be determined at trial and are entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the Labor Law.

### THIRD CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

39.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

40.     At all times relevant to this action, Defendants were Plaintiff's employer (and employer of the FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff (and FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

41.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

42.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. §203 (r)-(s).

43.     Defendants failed to pay Plaintiff and the FLSA Class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

100312v3

44.     Defendants' failure to pay Plaintiff and the FLSA Class members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. §255 (a).

45.     Plaintiff and the FLSA Class members were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the Labor Law)

46.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

47.     Defendants were the employer of Plaintiffs and the FLSA Class members within the meaning of the Labor Law.

48.     Plaintiff and the FLSA Class members are and were non-exempt employees under the Labor Law.

49.     Pursuant to the acts and practices alleged herein, Defendants willfully paid Plaintiff and the FLSA Class members below the minimum wage.

50.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff and the FLSA Class members.  As such, Defendants' noncompliance with the Labor Law was willful.

51.     As a proximate result of Defendants' unlawful conduct, Plaintiff and the FLSA Class members have suffered economic damages in the form of unpaid minimum wages in an amount to be determined at trial and are entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

**FIFTH CAUSE OF ACTION**
**(Violation of the Spread of Hours Wage Order of the NY Commissioner of Labor)**

52.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

53.     Defendants failed to pay Plaintiff and the FLSA Class members one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff and/or the FLSA Class members' spread of hours was ten hours or more in violation of the Labor §§ 650 et seq. and 12 N.Y.C.R.R. §§ 146-1.6.

54.     Defendants' failure to pay Plaintiff and the FLSA Class members an additional hour's pay for each day Plaintiff and/or the FLSA Class members' spread of hours was ten hours or more was willful, and lacked a good-faith basis within the meaning of the Labor Law § 663.

55.     Due to Defendants' Labor Law violations, Plaintiff and the FLSA Class members are entitled to recover from Defendants their unpaid spread of hours compensation, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to Labor Law §§198 and 663(1), and if this case is not certified as a class action, Plaintiff is entitled to recover liquidated damages as well.

**SIXTH CAUSE OF ACTION**
**(Violations of Labor Law § 195(1))**

56.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

57.     Defendants failed to furnish to Plaintiff and the FLSA Class members with the information through a notice required by Labor Law § 195(1) at the time of their hiring or any time thereafter.

58.     Due to Defendants' violations of Labor Law § 195(1), Plaintiff and the FLSA Class members are entitled to recover statutory damages from Defendants in the amount of $50.00 per work day that the violation occurred, not to exceed $5,000.00, plus attorneys' fees and costs of this action.

## SEVENTH CAUSE OF ACTION
## (Violations of Labor Law § 195(3))

59.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

60.     Defendants failed to furnish Plaintiffs and the FLSA Class members with each payment of wages a statement that complied with statutory requirements under Labor Law § 195(3).

61.     Due to Defendants' violation of Labor Law § 195(3), Plaintiff and the FLSA Class members are entitled to recover statutory damages from Defendants in the amount of $250.00 per workweek that the violation occurred, not to exceed $5,000.00, plus attorney's fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

a)     Declaring Defendants' conduct complained of herein to be in violation of the Plaintiff's rights under the FLSA, and the Labor Law;

b)     Awarding Plaintiff and the class members unpaid overtime wages;

c)     Awarding Plaintiff and the class members unpaid minimum wages;

d)     Awarding Plaintiff and the class members unpaid spread of hours pay;

100312v3

e)      Awarding Plaintiff and the class members liquidated damages pursuant to 29

U.S.C. §216 and the Labor Law;

f)      Awarding Plaintiff and the class members statutory damages for violations of Labor

Law §§ 195(1) and 195(3);

g)      Awarding Plaintiff and the class members pre and post-judgment interest;

h)      Awarding Plaintiff and the class members the costs of this action together with

reasonable attorneys' fees; and

i)      Awarding such and further relief as this court deems necessary and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable by a jury.

DATED May 5, 2023

Respectfully Submitted,

**Bashian & Papantoniou, P.C.**
*Attorneys for Plaintiff*
500 Old Country Road, Ste. 302
Garden City, NY 11530
Tel:    (516) 279-1554
Fax:    (516) 213-0339
**By:** */s/ Erik M. Bashian*
**ERIK M. BASHIAN, ESQ. (EB7326)**
eb@bashpaplaw.com

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
5550 Glades Road, Ste. 500
Boca Raton, FL 33431
Tel:    (954) 745-0588
**By:**    */s/ Nolan Klein*
**NOLAN KLEIN, ESQ. (NK4223)**
klein@nklegal.com
amy@nklegal.com
melanie@nklegal.com

100312v3

**CONSENTIMIENTO PARA DEMANDAR BAJO
LA LEY DE NORMAS LABORALES JUSTAS
(FAIR LABOR STANDARDS ACT)**

Yo, **CRECENCIANO GARCIA** soy un empleado o ex empleado de **444 South Broadway Pizza Inc.** y/o personas o entidades relacionadas. Las alegaciones que se establecen en esta demanda me han sido explicadas en español y todas son verdaderas y correctas a mi entender, información y creencia. He consentido para ser demandante en la acción mencionada anteriormente para cobrar los salarios no pagados y otros daños y perjuicios.

Fecha: 5/8/2023
_____, 2023.

DocuSigned by:

_____
E5D8146BF31A49B...

**CRECENCIANO GARCIA**

100312v3